# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GEORGE K. BAUM ADVISORS LLC,** | ) )  ) |
| **Plaintiff,** | ) ) |
| v. | ) )   **Case No. 11-2442-JTM** |
| **SPRINT SPECTRUM, L.P.,** | ) ) ) |
| **Defendant.** | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for leave to amend its answer to assert additional affirmative defenses. (Doc. 51). For the reasons set forth below, defendant's motion shall be GRANTED.[1]

## Background[2]

This is a declaratory action concerning Sprint Spectrum's (Sprint) obligation to defend

---

[1] Plaintiff's motion for leave to file a surreply (Doc. 59) is GRANTED. The surreply attached to plaintiff's motion has been considered by the court.

[2] This background is a highly condensed explanation of the lawsuit and business relationship between Sprint and GKB. The court has avoided use of contract terminology unique to the wireless communication industry and numerous acronyms that are sprinkled throughout plaintiff's complaint.

and indemnify George K. Baum Advisors (GKB) in connection with various lawsuits and claims against GKB concerning Crossroads Wireless. Highly summarized, GKB alleges that Sprint engaged GKB in 2003 to assist Sprint's efforts to expand its wireless network through business arrangements with rural and local wireless carriers. In 2006, Sprint and GKB entered into a new contract to further expand wireless network coverage with a "more-nationwide" approach. The 2006 contract contemplated a yet-to-be formed national company that would develop a widespread network in rural areas and ultimately enter into a contract with Sprint.

GKB alleges that it assisted in the creation of a new entity, Crossroads Wireless, Inc., pursuant to the 2006 contract. Unfortunately, Crossroads Wireless failed and numerous lawsuits were filed by Crossroads' investors against GKB. GKB filed this declaratory action to enforce indemnity and defense provisions in the 2006 contract. Sprint denies GKB's characterization of the indemnity provisions and asserts that "GKB's claims for defense and indemnity are barred because the losses to GKB resulted from 'the bad faith, willful misconduct or gross negligence of GKB,' specifically, the tortious, fraudulent, and negligent conduct of GKB as alleged in the four underlying lawsuits." Sprint's Answer, Doc. 12, p. 10, paragraph 5.[3] Sprint also asserts that GKB's indemnity claim is barred because of GKB's misrepresentation in a February 24, 2009 Agreement that "there were no claims, actions, suits or proceedings pending or threatened against GKB." Id. at paragraph 9.

---

[3] The indemnity provision has numerous limits, including an exclusion for "bad faith, willful misconduct or gross negligence" by GKB.

**Sprint's Motion to Amend its Answer (Doc. 51)**

Sprint moves to amend its answer to assert the following affirmative defenses to GKB's indemnity claim for: (1) material breach of the 2006 agreement, (2) fraud, (3) breach of an implied covenant of good faith, and (4) breach of fiduciary duty. GKB opposes the motion, arguing that the proposed amendments are futile and untimely.

The standard for permitting a party to amend its pleading is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a).[4] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990). "Where the party seeking amendment knows or should have known of the

---

[4] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

**Futile**

GKB argues that the motion to amend is futile because Sprint fails to allege fraud in paragraphs 12 and 13 with sufficient particularity. The court has reviewed paragraphs 12 and 13 and is satisfied that the allegations provide sufficient detail concerning the "who, what, when, and where" of the alleged fraud. Accordingly, the suggestion that the amendment is futile for failure to allege fraud with particularity is rejected.

GKB also contends that the motion to amend is futile because "Sprint's claim of breach of implied covenant of good faith and fair dealing cannot succeed as a matter of law." GKB's argument is not well developed and, without belaboring the issue, GKB has simply not shown that Sprint's affirmative defense fails as a matter of law.[5]

Finally, GKB asserts that the proposed affirmative defense set forth in paragraph 13 concerning the parties' 2009 agreement is futile because the 2009 agreement is irrelevant to GKB's indemnity claims under the 2006 agreement. Again, GKB's arguments are not well developed and the court is not persuaded that the amendment is futile as a matter of law.

---

[5] GKB concedes that it was unable to find any Kansas case law in which a defendant asserted a breach of the implied covenant of good faith and fair dealing.

**Untimely**

The scheduling order established a January 31, 2012 deadline for any motions to amend the pleadings and Sprint filed its motion to amend on September 19, 2012. GKB argues that plaintiff has not shown "good cause" for filing its motion after the January 31, 2012 deadline; therefore, the motion is untimely. And in a closely related argument, GKB asserts the motion is untimely because the proposed affirmative defenses should have been known to Sprint when it filed its original answer. Sprint counters that good cause exists because the proposed amendments are based on documents that were provided to Sprint after the January 31, 2012 deadline and that the addition of the proposed affirmative defenses is not prejudicial.

The court is satisfied that Sprint has shown good cause for filing its motion to amend after the January 31, 2012 deadline. GKB produced approximately 1.5 million pages of documents concerning three of the underlying lawsuits on March 30 and May 1, 2012; therefore, Sprint did not have possession of GKB's documents before the January 31, 2012 amendment deadline.[6]

GKB's related argument that Sprint should have known of the amended affirmative defenses when it filed its original answer raises a thornier issue. In essence, GKB argues that the proposed affirmative defenses are based on allegations "almost identical" to the allegations in the four underlying suits. Because GKB attached the petitions from the

---

[6] GKB's production was apparently delayed because of protective orders in the underlying lawsuits.

-5-

underlying lawsuits to its complaint in this case, GKB contends Sprint should have been able to assert all of its affirmative defenses in its original answer. Sprint concedes that the amended affirmative defenses "largely mirror" the allegations against GKB in the underlying lawsuits; however, Sprint distinguishes the new affirmative defenses by pointing out they raise the issue of GKB's misrepresentations **to Sprint**.

After carefully considering the allegations in the original complaint and answer, the court is not persuaded that the motion to amend is untimely "because Sprint should have known of these additional affirmative defenses when the complaint was filed." As noted above, there is a strong policy in federal court to resolve the parties' issues on the merits rather than on technicalities and allowing Sprint leave to amend its answer is consistent with the spirit of the federal rules of civil procedure. Accordingly, the motion to amend shall be GRANTED.

**IT IS THEREFORE ORDERED** that Sprint's motion to amend its answer **(Doc. 51)** is **GRANTED.** Sprint shall file and serve its amended answer by **December 13, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of December 2012.

S/Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge
