# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GEORGE K. BAUM ADVISORS LLC,

    Plaintiff,

v.

SPRINT SPECTRUM, L.P.,

    Defendant.

Case No. 11-2442-JTM

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for leave to grant additional time to complete the deposition of Tracy Smith (Doc. 96). For the reasons set forth below, defendant's motion shall be GRANTED in part.

### Background[1]

This is a declaratory action concerning Sprint Spectrum's ("Sprint") obligation to defend and indemnify George K. Baum Advisors ("GKB") in connection with various

---

[1] This background is a condensed explanation of the lawsuit and business relationship between Sprint and GKB. The court has avoided use of contract terminology unique to the wireless communication industry and numerous acronyms that are used throughout the parties' pleadings.

lawsuits and claims against GKB concerning Crossroads Wireless. Highly summarized, GKB alleges that Sprint engaged it in 2003 to assist efforts to expand Sprint's wireless network through business arrangements with rural and local wireless carriers. In 2006, Sprint and GKB executed a new contract to further expand wireless network coverage with a "more-nationwide" approach. The 2006 contract contemplated a yet-to-be formed national company that would develop a widespread network in rural areas and ultimately contract with Sprint.

GKB alleges that it assisted in the creation of a new entity, Crossroads Wireless, Inc. ("Crossroads"), pursuant to the 2006 contract, for the purpose of developing such a network. Unfortunately, Crossroads failed and Crossroads' investors filed numerous lawsuits against GKB. GKB then filed this declaratory action to enforce indemnity and defense provisions in the 2006 contract. Sprint disputes GKB's characterization of the indemnity provisions and asserts that GKB's claims are barred due to GKB's own misconduct, including but not exclusive to representations made during the parties' negotiation of a 2009 agreement.

Tracy Smith was an employee of GKB from 2003 through 2010.[2] She led its telecommunications practice and was heavily involved in facilitating all three contracts between Sprint and GKB. Throughout the parties' relationship, Smith was a key employee regarding GKB's performance of duties under the Sprint contracts. After the 2006

---

[2] The parties disagree about the identity of Smith's actual employer (*See* Pretrial Order at 7, 14.) Plaintiff alleges that Smith was an employee of George K. Baum Advisors (Pl.'s Resp., Doc. 111 at 1.) Defendant contends that "Smith signed the 2003 engagement on behalf of George K. Baum Advisors, however, Smith was and always remained an employee of George K. Baum & Company. Smith's true employer was never disclosed to Sprint." (Pretrial Order at 14; *see* Def.'s Mot., Doc.

agreement, Smith continued to provide telecommunications services under the parties' contract while she actively sought investors for Crossroads Wireless.

**Sprint's Motion for Leave to Grant Additional Time
to Complete the Deposition of Tracy Smith (Doc. 96)**

Sprint moves for leave to continue its deposition of Tracy Smith. Sprint deposed Smith on March 26, 2013, for the full seven hours allowed by Fed.R.Civ.P. 30(d) and by the Scheduling Orders filed in this matter. (*See* Docs. 19, 39, 61, 84.) However, Sprint did not complete the deposition. Sprint argues that additional time is appropriate because (1) Smith is a key and pivotal witness because all of the underlying claims in the four lawsuits arise from her conduct on behalf of GKB; (2) certain necessary documents were not produced before or during Smith's deposition; and (3) Smith's non-responsive answers to many questions impeded Sprint's ability to fully examine her. (Doc. 96 at 1-2.) Opposing the motion, GKB argues that (1) although Smith is an important witness, she has been adequately deposed on numerous occasions and her status as a purported "key witness" does not constitute good cause; (2) that Sprint reviewed thousands of documents in preparation for Smith's depositions, and did not raise the issue of "missing" documents prior to the deposition; (3) Smith provided detailed, responsive answers during the seven-hour deposition and should not be forced to undergo further questioning; and (4) Sprint's request for an additional seven hours of questioning is grossly overbroad. (Doc. 111.)

---

96 at 6.) For purposes of this discussion, Smith is assumed to have been GKB's employee.

**Standards**

Federal Rule of Civil Procedure (30)(d)(1) limits the duration of a deposition to one day of seven (7) hours, unless otherwise agreed by the parties or ordered by the court. The four Scheduling Orders in this matter consistently reflect the seven-hour limit. Rule 30(d)(1) also states that "the court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impeded or delays the examination."[3] Rule 26(b)(2)(A) provides, "the court may alter the limits in these rules on the . . . length of depositions under Rule 30."

The Advisory Committee note to Rule 30 provides that the party seeking an extension of the deposition period must show "good cause" to justify the extension.[4] The court may consider a number of factors to determine whether good cause exists; among these factors are whether the topic covers a significant period of time; whether the witness will be questioned about numerous or lengthy documents; and if documents were requested but not produced. These factors are analyzed below.

**Failure to Produce Documentation**

The parties disagree whether key documents were, or should have been, produced prior to Smith's deposition.[5] Sprint contends that an incorrect and unsigned version of

---

[3] Fed.R.Civ.P. 30(d)(1); *see McBride v. Medicalodges, Inc*., 2008 WL 1774674, *1 (D.Kan. Apr. 16, 2008.)
[4] Fed.R.Civ.P. 30(d) Advisory Committee note (2000 Amend.).
[5] The parties' discovery requests and responses were not provided in briefing; therefore, the Court

4

Smith's separation agreement with GKB was produced prior to deposition and that counsel only learned of its existence during Smith's deposition. Sprint claims that it requested a number of other unproduced documents pertinent to Smith's deposition, including Smith's W-2 and W-4 forms and calendar, as well as policies and compliance documents of GKB. (Def. Mot., Doc. 96 at 4, 6-7.) GKB replies that the original deposition date of February 12 reflects that Sprint intended to depose Smith prior to requesting all documents at issue, other than the separation agreement, and that Sprint's argument is disingenuous. (Pl.'s Resp., Doc. 111 at 2, 6-10.) GKB's argument is not persuasive. Regardless of Sprint's original intent, the deadline for production of the separation agreement and compliance documents pre-dated Smith's deposition, and the documents were apparently not produced. (*See id*. at 7.) GKB admits that it has only recently produced additional documentation in response to Sprint's requests. (*Id*. at 8.) The Court finds that the failure to produce documents relevant to Smith's deposition constitutes in part good cause for continuance of the deposition.

**Nature of Testimony**

The Court has reviewed the deposition excerpts noted by the parties. While certainly the testimony is narrative at times, on only one occasion did counsel for Sprint request Smith to simply answer the question asked of her. (Doc. 96-3, at 27; Dep. 269:3-4.) The answers provided by Smith do not rise to the level of obstructing the deposition.

The parties agree that Smith has been previously deposed in the underlying lawsuits,

---

relies solely upon the statements included in the briefing.

in addition to the recent deposition in this matter. However, it is undisputed that Sprint was not a party to the underlying suits and therefore not involved in the previous questioning. Additionally, Smith is a "key player" in the relationship between the parties, and Sprint has good reason to fully explore Smith's involvement. The length of time of Smith's employment and her role in the relationship between the parties also constitute good cause for continuance of the deposition.

Because good cause has been shown, the court will allow Sprint to continue Smith's deposition. However, Smith's relative importance to this matter does not justify the full seven hours requested. The Advisory Committee note specifies that "[R]ule [30(d)] directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent."[6] An additional four hours of questioning is a fair time to examine Smith on the unproduced documentation and any information that Sprint failed to cover in its previous seven hours of questioning. Accordingly, the motion shall be **GRANTED** in part to allow four additional hours to depose Tracy Smith.

**IT IS THEREFORE ORDERED** that Sprint's motion for leave to grant additional time to complete the deposition of Tracy Smith **(Doc. 96)** is **GRANTED in part.** Sprint shall be allowed to depose Smith for an additional four hours at a time mutually agreeable to

---

[6] Fed.R.Civ.P. 30(d) Advisory Committee note (2000 Amend.).

the parties, but shall occur within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of June, 2013.

<u>S/ Karen M. Humphreys</u>
KAREN M. HUMPHREYS
United States Magistrate Judge