# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GEORGE K. BAUM ADVISORS LLC,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11-2442-JTM ) |
| **SPRINT SPECTRUM, L.P.,** | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on:

(1) defendant's motion for extension of time to file any motions to compel with respect to plaintiff's responses to defendant's third requests for production of documents and second interrogatories (Doc. 131); and

(2) defendant's second motion for extension of time to file motions to compel regarding the same discovery requests (Doc. 152). For the reasons set forth below, defendant's motions shall be GRANTED.

### Background

This is a declaratory action concerning defendant Sprint Spectrum's ("Sprint") obligation to defend and indemnify plaintiff George K. Baum Advisors ("GKB") in

connection with various lawsuits and claims against GKB. Because the parties are familiar with the nature of this case and the details giving rise to Sprint's pending motions, the court's discussion is limited to the issues pertinent to the rulings which follow.

**Sprint's Motions for Extension of Time to File Any Motions to Compel**
**(Docs. 131, 152)**

Sprint seeks an order extending the time to file any motions to compel regarding GKB's responses to Sprint's third requests for production of documents and second interrogatories ("discovery"). Sprint served its discovery requests on March 27, 2013. GKB responded to that discovery on April 29, 2013.[1] GKB apparently objected to many of the requests.[2] On May 29, 2013, Sprint requested that GKB agree to an extension of time to file any motions to compel regarding that discovery. On that very same date, Sprint filed its first motion for extension of time. Citing the common practice in this district and good cause, Sprint requested additional time to June 28, 2013 to file any motions to compel. Because no decision had been made regarding the initial motion, Sprint filed a second motion on June 28, 2013, requesting an extension to July 29, 2013. GKB opposes any extension,[3] arguing that no good cause for an extension has been shown because Sprint had made no reasonable

---

[1] Sprint's motion (Doc. 131) specifies April 26, 2013 as the service date of GKB's responses. GKB's response (Doc. 142) reflects a service date of April 29, 2013. Because GKB does not object to Sprint's motion as untimely, the court adopts April 29, 2013 as service date of responses and Doc. 131 is regarded as timely filed on the May 29 deadline to file any motion to compel.

[2] See Sprint's motion (Doc. 131) at 1 and GKB's response (Doc. 142) at 4. No written discovery regarding Docs. 131 and 152 has been reviewed.

[3] GKB filed its response (Doc. 142) to the initial motion (Doc. 131). No response was filed to Sprint's second motion (Doc. 152); however, Sprint states that "GKB maintains its objections as set forth in GKB's opposition to Sprint's first motion for extension of time." (Doc. 152 at 2.)

attempts to confer with GKB prior to May 29, 2013.

**Standards**

District of Kansas Rule 37.1(b) provides that "[a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response . . . that is the subject of the motion, unless the court extends the time for filing such motion for good cause." It is common practice in this district for a party to request an extension of time in which to file a motion to compel, and for such requests to be routinely granted.[4] Such extensions afford opportunity for resolution without court intervention while preserving a party's ability to file a later motion to compel.[5] Rule 6.1(a) requires a party to file such request for extension "before the specified time expires."

As required by D. Kan. Rule 37.1(b), the standard for such requests for extension is good cause.[6] To determine whether good cause exists, the court may review factors such as scheduling issues, concurrent demands on the parties, a party's assurances that an extension will not unduly delay the case, and the parties' desire to meet and confer regarding the discovery issues.[7] This list of factors is not exclusive, and the determination of good cause

---

[4] *Layne Christensen Co. v. Purolite Co.*, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011); *Cont'l Cas. Co. v. Mulitservice Corp.*, 2008 WL 73345, at *5 (D. Kan. Jan 7, 2008); *Payless Shoesource Worldwide, Inc. v. Target Corp.*, 2007 WL 1959194, *5 (D. Kan. June 29, 2007).
[5] *Payless Shoesource Worldwide*, 2007 WL 1959194, at *5.
[6] *See Heartland Surgical Specialty Hosp., L.L.C., v. Midwest Div., Inc.*, 2007 WL 1668775, at *1-*2 (D. Kan. June 6, 2007); *see also High Point SARL v. Sprint Nextel Corp.*, 2012 WL 1533213, at *4 (D. Kan. April 30, 2012).
[7] *Heartland Surgical Specialty Hosp.*, 2007 WL 1668775, at *1-*2.

lies within the court's discretion. These factors are analyzed below.

## Good Cause

GKB argues that good cause has not been shown because Sprint failed to contact GKB to resolve the discovery dispute prior to filing its initial motion. Because Sprint simply emailed its request on the final day on which the motion to compel was due, Sprint's email does not constitute a "reasonable" attempt at conference, according to GKB.

GKB does not dispute the timeliness of Sprint's motions. While a party has a duty to confer with an opposing party prior to filing a motion to compel,[8] there is no corresponding duty to do so prior to filing a request for extension of time. The only requirements for an extension are that Sprint file a motion before the time expires (which it narrowly did) and that it show good cause for an extension.

In its reply, Sprint points to the multiple deadlines during the same time period after GKB's responses were served, including the pretrial order, expert designations, and summary judgment motions. Sprint's counsel also noted his personal obligations during that time period. Sprint intends to fully confer with GKB prior to filing any motion to compel. It is undisputed that a full conference has not yet taken place. When considered together, these factors constitute good cause for extension.

---

[8] Both the Federal Rules of Civil Procedure and the court's local rule require the parties to confer regarding any discovery dispute prior to filing a motion to compel. Fed.R.Civ.P. 27(a)(1); D. Kan. Rule 37.2. Rule 37.2 states that the "reasonable effort to confer" involves "more than mailing or faxing a letter to the opposing party," and "requires that the parties in good faith converse, confer, compare views, consult, and deliberate or in good faith attempt to do so."

By filing its initial motion prior to the expiration of the applicable time period and by showing good cause, Sprint has met its burden. Accordingly, Sprint's motions (Docs. 131 and 152) are **GRANTED**.

**IT IS THEREFORE ORDERED** that Sprint's motions **(Docs. 131 and 152)** for extension of time to file any motion to compel with respect to GKB's responses to Sprint's third request for production of documents and GKB's responses to Sprint's second interrogatories are **GRANTED.** Sprint shall file any motion to compel no later than July 29, 2013. Further requests for extension of this deadline will necessitate a detailed showing of good cause and a specific description of the parties' efforts toward resolving this particular discovery dispute without court intervention.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of July, 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge