# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GEORGE K. BAUM ADVISORS LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT SPECTRUM, L.P., )<br>)<br>Defendant. )<br>) | Case No. 11-2442-JTM |

## MEMORANDUM AND ORDER

This matter is before the court on two motions to compel filed by defendant (Sprint). Following a status conference with the court on August 19, 2013, the parties filed a joint stipulation (Doc. 179) that resolved a number of discovery disputes. As a result, two issues now remain for decision: (1) plaintiff's (GKB) refusal to produce settlement communications responsive to Sprint's first requests for production (**Doc. 102**); and (2) GKB's responses to Sprint's second interrogatories (**Doc. 170**).[1]

For the reasons set forth below, Sprint's motion to compel the production of documents (Doc. 102) shall be DENIED and its motion to compel answers to interrogatories (Doc. 170) shall be GRANTED.

**Background**

---

[1] By stipulation, Sprint has reserved its right to raise objections to GKB's document production and

This is a declaratory action concerning Sprint's obligation to defend and indemnify GKB in connection with four state court lawsuits against GKB. Because the parties are familiar with the facts and procedural nature of this case set forth in previous opinions, the court's discussion is limited to the issues pertinent to the rulings which follow.

**Sprint's Motion to Compel**
**(Doc. 102)**

Sprint's first motion seeks to compel GKB's responses to Sprint's First Requests for Production, specifically Nos. 3, 4 and 14. For ease of discussion, the analysis uses the same identifying numbers referenced in the parties' briefing. However, the identified requests relate only to the underlying *McCormack-Missouri Wireless* litigation.[2] Identical requests related to the other three lawsuits were served and answered in the same manner. For this reason, the rulings on each category of requests will also apply to the corresponding requests related to the other underlying lawsuits.

Sprint served its first requests on January 31, 2012 and GKB timely responded.

---

amended privilege log during the time period noted in the stipulation (Doc. 179).

[2] *See* Sprint's Mem. Supp., Doc. 103 at 7, n. 3. Sprint's First Requests for Production were divided into multiple sections, representing in part the four state court actions which prompted this indemnity action. The requests contained in Section I, numbered 1 through 19, relate to the *McCormack-Missouri Wireless, Inc., et al. v. George K. Baum Advisors, LLC*, et al, Case no. 0916-CV12221, Jackson County, Missouri ("*McCormack-Missouri Wireless* litigation"). Section II requests, numbered 20 through 44, relate to *Comnet Supply, LLC v. Chickasaw Wireless, Inc. et al*, Case no. CJ-2009-2495, Oklahoma County, Oklahoma ("*Comnet* litigation"). Section III requests, numbered 45 through 65, relate to *Salina-Spavinaw Telephone Company, Inc. v. Chicksaw Wireless Inc. et al.*, Case no. CJ-2009-7390, Tulsa County, Oklahoma ("*Salina-Spavinaw* litigation"). Section IV requests, numbered 66 through 86, relate to *Arvig Enterprises, Inc. v. George K. Baum & Company, et al.*, Case no. 10CV4148, D. Minn. ("*Arvig Enterprises* litigation"). *See* GKB's Responses, Doc. 103, Ex. C.

Thereafter the parties exchanged correspondence and conferred regarding their disagreement about the sufficiency of GKB's responses. In part, GKB refused to produce settlement communications based on a "settlement communications privilege." The parties agree that their most recent contact regarding the settlement communications, until the filing of Sprint's motion to compel, was a letter from GKB dated June 20, 2012.

The parties have continued a practice of "rolling" document production, with each party producing thousands of documents beginning in early 2012. In March 2012, the court granted a joint motion to extend the deadline for motions to compel to 60 days after completion of the responding party's document production.[3] GKB produced documents in response to Sprint's first discovery requests as recently as April and May 2013.[4] Given the extended deadline for production and the recent production, Sprint asserts its motion is timely. GKB disagrees, arguing that its position regarding production of settlement communications has never changed since its initial response in early 2012 and the motion is therefore untimely.

**Requests Nos. 3, 4 and 14**

Sprint's First Request No. 3 seeks "all communications between GKB and any plaintiff or other party in the *McCormack-Missouri Wireless* litigation regarding or referring to settlement of the underlying cases." Request No. 4 seeks "all offers, demands, or

---

[3] *See* Joint Mot. (Doc. 32), and Order (Doc. 33).
[4] *See* Def.'s Reply, Doc. 139 at 6 (noting production as recently as May 13, 2013). Portions of a GKB employee's personnel file were disclosed on April 2, 2013. *See* Def.'s Mem. Supp., Doc. 102

3

counteroffers of settlement by any party in the *McCormack-Missouri Wireless* litigation." Request No. 14 seeks "all mediation statements, correspondence, case assessments or evaluations submitted to any mediator or other third-party neutral in the *McCormack-Missouri Wireless* litigation."[5] GKB objects to Requests Nos. 3 and 14 as vague and overbroad, and to all requests on the basis that the information sought is not relevant to the claims at issue and is not reasonably calculated to lead to the discovery of admissible evidence. GKB further objects to the requests because they seek documents protected by the "settlement communications privilege."[6]

In its review of GKB's objections the court finds that any objections not relied upon in the parties' briefing are deemed abandoned.[7] Although GKB's discovery responses include objections for vagueness and overbreadth, GKB did not argue these objections in its briefing and the objections are therefore waived.[8] GKB's objection that the requests are unduly burdensome is contained in one brief paragraph of conclusory allegations. Regarding the objection based on relevance, the *terms* of the settlements are clearly relevant to the claims and defenses of the parties[9] and the court is inclined to follow Judge Bostwick's analysis in *Heartland* to find that the negotiations have merged into the written settlement agreements

---

at 11. Documents produced on those dates are unrelated to settlement communications.
[5] Pl.'s Resp., Doc. 117 at 14.
[6] *Id*.
[7] *Cardenas v. Dorel Juvenile Grp., Inc*., 230 F.R.D. 611, 615 (D. Kan. 2005) ("When ruling upon a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel. Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.").
[8] *Id*.; *see* Pl.'s Resp., Doc. 117 at 5-7.
[9] *See* discussion of GKB's burden of proof, *infra* at page 8.

which have been previously produced.[10] However, it is unnecessary to address these objections or the issue of privilege because the timeliness of the motion is dispositive.

GKB asserts that the motion to compel documents labeled "settlement communications" is untimely under D. Kan. Rule 37.1(b).[11] The parties agreed by joint motion and order[12] to extend the time to file motions to compel responses to requests for production to "60 days after completion of the responding party's document production." Sprint argues that GKB's recent document production extended its deadline appropriately[13] and therefore its motion is timely.

Unfortunately, the agreement is ambiguous regarding whether the extension requires that all document production responsive to an entire *set* of requests be complete, or whether document production responsive to a *specific* request must be complete for the 60-day clock to begin. A careful review of the language included in the parties' motion provides a basis to discern the intent of the parties. The motion acknowledges that parties will engage in "rolling document production" and specifies that the purpose of the extension is so that the parties would not be forced to file a motion to compel "*without knowledge of what the*

---

[10] *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1246216, at *5 (D. Kan. Apr. 27, 2007) ("Once an agreement is reached, the negotiations are deemed to have merged into the agreement. . . . Moreover, allowing the production of documents setting out preliminary settlement discussions is more likely to have a chilling effect on settlement negotiations."). *See* Pl.'s Disc. Resp. Nos. 1, 20, 45, and 66, Doc. 103, Ex. C (noting agreements have been produced).
[11] D. Kan. Rule 37.1(b) provides that a motion to compel must be filed within 30 days of the service of the "response, answer or objection *that is the subject of the motion*." (emphasis added)
[12] *See* Joint Mot. (Doc. 32), and Order (Doc. 33).
[13] *See supra* note 4.

*responses really mean.*"[14]

In this case, there can be no question regarding what GKB's responses "really meant." GKB first objected to these requests on April 2, 2012. GKB persisted in its refusal to produce any settlement communications. There has been no further discussion or apparent change in the position of either party since June 20, 2012. Sprint's reliance on its agreed motion to extend time is misplaced, given the clear intent expressed in the motion. Based upon the unique facts of this situation, Sprint's motion to compel (**Doc. 102**) responses to Requests Nos. 3, 4, and 14 (and other related requests) is **DENIED** as untimely.

**Sprint's Motion to Compel**
**(Doc. 170)**

Sprint's second motion seeks to compel GKB's responses to Sprint's Second Interrogatories. These interrogatories asked GKB to identify those specific claims in each state court case for which GKB believed it had actual, potential, or no liability. GKB timely responded to all requests with the exception of Interrogatories Nos. 4 through 6. Those questions asked GKB to identify the state court claims for which it believed it had "absolute liability." GKB objected to these interrogatories on the basis that they: are vague and ambiguous as to time; seek improper legal conclusions and invade the province of the finder of fact; and do not request relevant or discoverable information. Each objection is discussed below.

GKB argues that the definition of "absolute" liability is vague, while Sprint asserts

---

[14] Doc. 32 at 3 (emphasis added).

that the terms "absolute" and "actual" liability are interchangeable. Any dispute over the definition of "absolute" versus "actual" liability is disingenuous, because both parties have used the terms interchangeably.[15] GKB also asserts that the questions are ambiguous about the point in time to which Sprint refers. GKB filed this indemnity claim for the expenses it incurred in specific state court litigation, the identifying case names are included in each interrogatory, and the duration of each case sufficiently narrows the period of time for which GKB must identify its beliefs regarding liability. GKB's vagueness and ambiguity arguments are rejected.

GKB also objects to the interrogatories as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. During discovery, relevancy is broadly construed under Fed.R.Civ.P. 26(b) and is limited to any matter, not privileged, that is relevant to the parties' claims and defenses.[16] For good cause, the court may extend its analysis to the subject matter of the action.[17] Generally, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[18] If the discovery appears relevant on its face, the party opposing discovery bears the burden to prove that the requested information does not fall

---

[15] *See, e.g.*, Def.'s Reply, Doc. 184, Ex. C, at 3. In its July 25, 2013 letter, GKB notes that "should the Court rule that GKBA must prove *absolute or actual* liability for certain claims, the Court will decide whether GKBA was actually liable on those claims." (Emphasis added.) Hereinafter, any reference to "actual" liability is synonymous with "absolute" liability for purposes of this ruling.
[16] *See Paradigm Alliance, Inc. v. Celeritas Technologies, LLC*, 2008 WL 678700, at *2 (D. Kan. Mar. 7, 2008).
[17] *Id.*; *see also Solis v. LaFamilia Corp*, 2012 WL 1906508, at *6 (D.Kan. May 25, 2012) (citing Fed.R.Civ.P. 26(b)(1)).
[18] *Solis*, 2012 WL 1906508, at *6.

within the scope of discovery.[19]

The parties disagree about the applicable law and specifically whether GKB must prove <u>actual</u> or <u>potential</u> liability in the state court actions in order to prevail on its indemnity claim.[20] The determination of the applicable law will be made by the district judge, but a brief review of GKB's prospective burden of proof demonstrates the relevancy of its subjective belief regarding liability. Sprint asserts that GKB, as the party claiming indemnity, must prove first that the underlying claims were within the scope of the parties' indemnification agreement; that it was either actually or potentially liable for those claims; that it was not liable for any claims not covered by the agreement; and that the settlements of the underlying cases were reasonable.[21] Though GKB disagrees with the application of this case law and believes its burden of proof is to demonstrate potential liability at most, the parties agree that the question of actual liability is squarely before the district judge.[22] In light of the issues framed by the parties and the court in the final Pretrial Order, it is clear that GKB's actual liability is, on its face, relevant to the claims and defenses of the parties and the interrogatories therefore seek discoverable information. GKB's objection based on relevance is denied.

GKB's final objection is that the interrogatories seek improper legal conclusions and, by doing so, invade the province of the fact-finder. However, an "interrogatory is not

---

[19] *Id.*
[20] *See* Pretrial Order, Doc. 132, at 29.
[21] *See Phillips Petroleum Co. v. Viola Indus.*, 1989 WL 134914, at *3-5 (D. Kan. 1989).
[22] *See* Pretrial Order, Doc. 132, at 29.
8

objectionable merely because it calls for a legal conclusion or opinion."[23] In fact, "requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."[24] An interrogatory is impermissible only if it seeks issues of "pure law," that is, one that "extends to legal issues *unrelated* to the facts of the case."[25] In its interrogatories, Sprint seeks GKB's opinion on liability as it relates to the state court claims which is clearly related to the facts of this indemnity case.

In some circumstances, the court may not require a party to answer an interrogatory seeking legal opinions or contentions until after discovery has been completed or after the pretrial conference has been held, so that a party is not "tied down" before having an opportunity to "fully explore" the claim.[26] However, in this case, the pretrial order has been entered, discovery is complete, and the parties have agreed and the court has ordered that the issue of actual liability is now a question for the district judge. Requiring an answer to these interrogatories is appropriate at this stage of litigation and GKB's objection regarding improper legal conclusions is overruled. Sprint's motion to compel answers to its Second Interrogatories Nos. 4-6 is **GRANTED**. (**Doc. 170**.)

---

[23] *See Holland v. GMAC Mortg.*, 2005 WL 1285678, at *3 (D. Kan. May 27, 2005)
[24] *Id*. (citing to the 1970 Amendments to Fed.R.Civ.P. 33(c)).
[25] *Id*. (emphasis added); *see also G.D. v. Monarch Plastic Surgery, P.A.,* 2007 WL 201150, at *10, (D.Kan. Jan. 22, 2007) ("The court finds that this is not a proper objection to an interrogatory.").
[26] *IPB, Inc. v. Mercantile Bank of Topeka*; 179 F.R.D. 316 (D. Kan. May 21, 1998); *see* Fed.R.Civ.P. 33(a)(2); *see also* 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2167 (3d ed. 2013).

**IT IS THEREFORE ORDERED** that defendant's motion to compel the production of documents (**Doc. 102**) shall be **DENIED** and its motion to compel answers to interrogatories (**Doc. 170**) shall be **GRANTED**. Plaintiff is ordered to respond to Second Interrogatories Nos. 4 through 6 on or before **September 30, 2013**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of September, 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge